**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

JENNY GRAVES                                                                        PLAINTIFF

v.                                            4:26-cv-00247-LPR-JJV

FRANK BISIGNANO,
Commissioner,
Social Security Administration,                                          DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge Lee P. Rudofsky.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Plaintiff, Jenny Graves, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits.  The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers she could perform despite her impairments.  (Tr. 17-27.)

This review function is extremely limited.  A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error.  *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is forty-eight years old. (Tr. 57.)  She is a high school graduate, attended college for three years, (Tr. 245), and has past relevant work as Residential Care Aide.  (Tr. 25.)

The ALJ[1] first found Ms. Graves engaged in substantial gainful activity from October 2022 through April 2024.  (Tr. 19-20.)  However, he found there was a continuous 12-month period where she did not engage in substantial gainful activity, so the ALJ proceeded through the sequential evaluation process through the entire period at issue. (*Id.*)

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

She has "severe" impairments in the form of "residuals of arterial aneurysms; anxiety; ptosis of the right eye; and degenerative disc disease [ ] of the cervical spine."  (*Id*.)  The ALJ found Ms. Graves did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 25-27.)

The ALJ determined Ms. Graves had the residual functional capacity (RFC) to perform a reduced range of light work.  (Tr. 22.)  Given this RFC finding, the ALJ determined Ms. Graves could no longer perform her past relevant work.  (Tr. 25-26.)  Accordingly, the ALJ utilized the services of a vocational expert to help determine if jobs existed that Plaintiff could perform despite her impairments.  (Tr. 51-55.)  Based in part on the testimony of the vocational expert, the ALJ determined Plaintiff could perform the light jobs of blood doner unit assistant, fingerprint clerk, and sedentary jobs of call out operator, election clerk, and document preparer.  (Tr. 26-27.)  Accordingly, the ALJ determined Ms. Graves was not disabled.  (Tr. 27.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-5.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

In support of her Complaint, Plaintiff argues that the ALJ erred in evaluating her RFC.  (Doc. No. 8 at 5-6.)  I have carefully considered Plaintiff's arguments and the Commissioner's response.  (Doc. No. 12.)  Although I find this to be somewhat of a close call, "the burden of persuasion to prove disability and demonstrate RFC remains on the claimant." *Vossen v. Astrue,* 612 F.3d 1011, 1016 (8th Cir.2010).  And Plaintiff has simply not met this burden.

First, I note that the ALJ's decision is partially supported by Linda Margiloff, M.D., (Tr. 62-63), and Jim Takash, M.D.  (Tr. 71-72.)  Here, the ALJ found their opinions to be partially

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

persuasive, saying, "The state consultants merely recite the medical evidence of record and do not provide a detailed analysis that supports their conclusions." (Tr. 25.)   The ALJ fully analyzed these doctors' opinions and provided a thoughtful assessment of this evidence.

The ALJ focused on Plaintiff's improving conditions, which is well supported in the record. (Tr. 24, 830, 832-33, 844-45, 889). Plaintiff points to the fact that the medical records show she continued to complain of eye pain. (Tr. 338.)  However, her doctors noted her healing was "slow" but "improving with time." (Tr. 344.)  "Impairments that are controllable or amenable to treatment do not support a finding of disability." *Kisling v. Chater*, 105 F.3d 1255, 1257 (8th Cir. 1997).

With regard to the RFC being silent as to the need for sunglasses, I find no reversible error here.  The ALJ thoroughly considered Plaintiff's use of sunglasses at her most recent job.  The ALJ asked the vocational expert about sunglasses as an accommodation and, "Based on her professional experience and working with a variety of employers, she believed this was employer specific" and an employer may or may not allow an employee to wear them while working.  (Tr. 20.)   Ultimately the ALJ concluded, "Although her employer currently allows her to wear sunglasses, sit for prolonged periods, and avoid activities with loud noise, such restrictions are not consistent with the claimant's objective findings or adaptive functioning." (Tr. 24-25.)  I agree with the Commissioner that, "The ALJ's finding was within the 'zone of choice' and must be affirmed. *Ross v. O'Malley*, 92 F.4th 775, 778 (8th Cir. 2024)." (Doc. No. 12 at 7.)

I have carefully considered Plaintiff's additional arguments - including her inability to lift more than ten pounds – and find them to be without merit.  I agree with the Commissioner's responses.

I realize Ms. Graves has limitations from the residual effects of her aneurisms.  I am sympathetic to her claims.  But the record contains ample support as a whole that "a reasonable

mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

Again, Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden.

Plaintiff's counsel has done a good job advocating for her rights. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be

5

affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 2nd day of July 2026.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE